1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    KIMBER BEVERLY,                              No.  2:24-CV-0914-DAD-DMC

12              Plaintiff,

13         v.                                      <u>FINDINGS AND RECOMMENDATIONS</u>

14    COMMISSIONER OF SOCIAL
      SECURITY,
15
                Defendant.
16

17

18              Plaintiff, who is proceeding with retained counsel, brings this action for judicial

19    review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

20    Pending before the Court are the parties' briefs on the merits, ECF Nos. 11 and 13.

21              The Court reviews the Commissioner's final decision to determine whether it is:

22    (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a

23    whole.  See <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is

24    more than a mere scintilla, but less than a preponderance.  See <u>Saelee v. Chater</u>, 94 F.3d 520, 521

25    (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support

26    a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 402 (1971).  The record as a whole,

27    including both the evidence that supports and detracts from the Commissioner's conclusion, must

28    be considered and weighed.  See <u>Howard v. Heckler</u>, 782 F.2d 1484, 1487 (9th Cir. 1986); <u>Jones</u>

1    v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The Court may not affirm the Commissioner's

2    decision simply by isolating a specific quantum of supporting evidence.  See Hammock v.

3    Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative

4    findings, or if there is conflicting evidence supporting a particular finding, the finding of the

5    Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

6    Therefore, where the evidence is susceptible to more than one rational interpretation, one of

7    which supports the Commissioner's decision, the decision must be affirmed, see Thomas v.

8    Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal

9    standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th

10   Cir. 1988).

11          For the reasons discussed below, the Court recommends that the Commissioner's

12   final decision be affirmed.

13

14          **I.  THE DISABILITY EVALUATION PROCESS**

15          To achieve uniformity of decisions, the Commissioner employs a five-step

16   sequential evaluation process to determine whether a claimant is disabled.  See 20 C.F.R.

17   §§ 404.1520 (a)-(f) and 416.920(a)-(f).   The sequential evaluation proceeds as follows:

18
19   Step 1    Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied;

20
21   Step 2    If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied;
22

23   Step 3    If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted;
24

25

26   Step 4    If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied;
27

28

2

1
2
3
4
5

        Step 5        If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied.

        See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

6            To qualify for benefits, the claimant must establish the inability to engage in

7 substantial gainful activity due to a medically determinable physical or mental impairment which

8 has lasted, or can be expected to last, a continuous period of not less than 12 months.  See 42

9 U.S.C. § 1382c(a)(3)(A).  The claimant must provide evidence of a physical or mental

10 impairment of such severity the claimant is unable to engage in previous work and cannot,

11 considering the claimant's age, education, and work experience, engage in any other kind of

12 substantial gainful work which exists in the national economy.  See Quang Van Han v. Bower,

13 882 F.2d 1453, 1456 (9th Cir. 1989).  The claimant has the initial burden of proving the existence

14 of a disability.  See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

15            The claimant establishes a prima facie case by showing that a physical or mental

16 impairment prevents the claimant from engaging in previous work.  See Gallant v. Heckler, 753

17 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f).  If the claimant

18 establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant

19 can perform other work existing in the national economy.  See Burkhart v. Bowen, 856 F.2d

20 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock

21 v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

## II.  THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on October 8, 2021.  See CAR 20.[1]  In the application, Plaintiff claims disability began on August 1, 2020.  See id.  Plaintiff's claim was initially denied.  Following denial of reconsideration, Plaintiff requested an administrative hearing, which was held on March 2, 2023, before Administrative Law Judge (ALJ) John M. Dowling.  In an April 28, 2023, decision, the ALJ concluded Plaintiff is not disabled based on the following relevant findings:

    1.    The claimant has the following severe impairment(s): coronary artery disease and asthma.

    2.    The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations.

    3.    The claimant has the following residual functional capacity: the claimant can perform medium work; she can never climb ladders, ropes, or scaffolds; she must avoid all exposure to unprotected heights; and she must avoid frequent exposure to non-weather related hot and cold temperatures.

    4.    Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, the claimant can perform her past relevant work as a warehouse worker.

See id. at 22-31.

After the Appeals Council declined review on January 22, 2024, this appeal followed.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1]    Citations are the to the Certified Administrative Record (CAR) lodged on May 22, 2024, ECF No. 10.

1

### III.  DISCUSSION

2          In her opening brief, Plaintiff argues the ALJ applied an incorrect legal standard to

3   evaluate the medical opinion evidence and, in so doing, substituted his own lay opinion for

4   medical opinions.  See ECF No. 11, pgs. 3-12.

5          "The ALJ must consider all medical opinion evidence."  Tommasetti v. Astrue,

6   533 F.3d 1035, 1041 (9th Cir. 2008) (citing 20 C.F.R. § 404.1527(b)).  The ALJ errs by not

7   explicitly rejecting a medical opinion.  See Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir.

8   2014).  The ALJ also errs by failing to set forth sufficient reasons for crediting one medical

9   opinion over another.  See id.

10         Under the regulations, only "licensed physicians and certain qualified specialists"

11  are considered acceptable medical sources.  20 C.F.R. § 404.1513(a); see also Molina v. Astrue,

12  674 F.3d 1104, 1111 (9th Cir. 2012).  Where the acceptable medical source opinion is based on

13  an examination, the ". . . physician's opinion alone constitutes substantial evidence, because it

14  rests on his own independent examination of the claimant."  Tonapetyan v. Halter, 242 F.3d 1144,

15  1149 (9th Cir. 2001).  The opinions of non-examining professionals may also constitute

16  substantial evidence when the opinions are consistent with independent clinical findings or other

17  evidence in the record.  See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Social

18  workers are not considered an acceptable medical source.  See Turner v. Comm'r of Soc. Sec.

19  Admin., 613 F.3d 1217, 1223-24 (9th Cir. 2010).  Nurse practitioners and physician assistants

20  also are not acceptable medical sources.  See Dale v. Colvin, 823 F.3d 941, 943 (9th Cir. 2016).

21  Opinions from "other sources" such as nurse practitioners, physician assistants, and social

22  workers may be discounted provided the ALJ provides reasons germane to each source for doing

23  so.  See Popa v. Berryhill, 872 F.3d 901, 906 (9th Cir. 2017), but see Revels v. Berryhill, 874

24  F.3d 648, 655 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(f)(1) and describing circumstance

25  when opinions from "other sources" may be considered acceptable medical opinions).

26  / / /

27  / / /

28  / / /

5

The Commissioner has promulgated revised regulations concerning how ALJs must evaluate medical opinions for claims filed, as here, on or after March 27, 2017.  See 20 C.F.R. §§ 404.1520c, 416.920c.  These regulations supersede prior caselaw establishing the treating physician rule which established a hierarchy of weight to be given medical opinions depending on their source.  See id.; see also Jones v. Saul, 2021 WL 620475, at *9 (E.D. Cal. Feb. 17, 2021) ("In sum, because (1) the 2017 regulations are not arbitrary and capricious or manifestly contrary to statute, (2) the prior judicial construction was not mandated by the governing statutory language to the exclusion of a differing agency interpretation, and (3) the [treating-physician rule] is inconsistent with the new regulation, the court concludes that the 2017 regulations effectively displace or override [prior caselaw.]").  Thus, ALJs are no longer required to "defer to or give any specific evidentiary weight to" treating physicians over medical opinions from other sources.  See Carr v. Comm'r of Soc. Sec., 2021 WL 1721692, at *7 (E.D. Cal. Apr. 30, 2021).

Under the revised regulations, the ALJ must evaluate opinions and prior administrative medical findings by considering their "persuasiveness."  See Buethe v. Comm'r of Soc. Sec., 2021 WL 1966202, at *3 (E.D. Cal, May 17, 2021) (citing 20 C.F.R. § 404.1520c(a)). In determining how persuasive the opinion of a medical source is, an ALJ must consider the following factors:  supportability, consistency, treatment relationship, specialization, and "other factors."  See Buethe, 2021 WL 1966202, at *3 (citing § 404.1520c(b), (c)(1)-(5)).  Despite a requirement to consider all factors, the ALJ's duty to articulate a rationale for each factor varies. See Buethe, 2021 WL 1966202, at *3 (citing § 404.1520c(a)-(b)).

Specifically, in all cases the ALJ must at least "explain how [she] considered the supportability and consistency factors," as they are "the most important factors." See Buethe, 2021 WL 1966202, at *4 (citing § 404.1520c(b)(2)).  For supportability, the regulations state: "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive [the opinion] will be."  See Buethe, 2021 WL 1966202, at *4 (quoting § 404.1520c(c)(1)).  "For consistency, the regulations state: '[t]he more consistent a

6

1  medical opinion(s) or prior administrative medical finding(s) is with the evidence from other

2  medical sources and nonmedical sources in the claim, the more persuasive [the opinion] will be.'"

3  Buethe, 2021 WL 1966202, at *4 (quoting § 404.1520c(c)(2)).  "The ALJ is required to articulate

4  findings on the remaining factors (relationship with claimant, specialization, and 'other') only

5  when 'two or more medical opinions or prior administrative medical findings about the same

6  issue' are 'not exactly the same,' and both are 'equally well-supported [and] consistent with the

7  record.'"  Buethe, 2021 WL 1966202, at *4 (quoting § 404.1520c(b)(2) & (3)).

8              At Step 4, the ALJ evaluated medical opinions offered by the following sources:

9  (1) Satish Sharma, M.D., an agency consultative examining doctor; (2) A. Wong, M.D., an

10  agency non-examining consultative doctor; and (3) T. Bawa, M.D., an agency non-examining

11  consultative doctor.  See CAR 28-30.  The ALJ found all of the opinion evidence to be "partially

12  persuasive."  See id.

13              As to Dr. Sharma, the ALJ stated:

14  In December 2021, Satish K. Sharma, M.D., the consultative examiner,
   opined, in part, that the claimant was restricted to pushing, pulling, lifting
15  and carrying 20 pounds occasionally and 10 pounds frequently; walking,
   standing, and sitting for six hours in a workday; and occasionally bending
16  and stooping (Ex. 5F). This opinion is partially persuasive. First, the
   opinion is based on Dr. Sharma's expertise, review of the evidence, and
17  examination of the claimant. Second, the opinion does not include a
   rationale or explanation for the opined-to limitations, which limits its
18  persuasiveness. For example, it does not explain why the claimant would
   be limited to lifting only 20 pounds or can only occasionally bend and
19  stoop. Third, these opined-to restrictions overstate the claimant's
   exertional and postural limitations and are not consistent with the
20  longitudinal evidence of record. The consultative examination showed
   complaints of back pain and painful range of motion of the lumbar spine,
21  but it is but a single examination during the relevant time period. The
   longitudinal evidence of record does not document other complaints of
22  or treatment for back pain and the physical examinations have consistently
   documented normal musculoskeletal examinations with normal range of
23  motion (see Ex. 1F, pp. 17, 20; Ex. 4F, p. 11; Ex. 5F, p. 4; Ex. 7F, pp. 12-
   13; Ex. 8F, p. 1). The opinion the claimant is limited to 20 pounds
24  occasionally and has limitations bending and stooping is not consistent
   with the longitudinal record. Further, it is notable that the opinion does not
25  include respiratory or environmental restrictions despite the claimant's
   reports of asthma and the examination showing scattered rhonchi. The
26  longitudinal record supports a finding the claimant has environmental
   limitations due to asthma. For these reasons, this opinion is only partially
27  persuasive.

28  CAR 28-29.

7

1    As to Drs. Wong and Bawa, the ALJ stated:

2    In January 2022, A. Wong, M.D., a state agency medical consultant, found
     the claimant was capable of performing work at the light range of work
3    with various postural limitations (Ex. 1A). In March 2022, T. Bawa, M.D.,
     a state agency medical consultant at the reconsideration level, affirmed the
4    prior assessment with the addition of environmental limitations (Ex. 3A).
     These assessments are partially persuasive. First, they are based on the
5    consultants' expertise and review of the evidence of record. Second, they
     are supported by a summary and discussion of the evidence of record.
6    Third, the assessments are heavily based on the consultative examination
     opinion, but that opinion is only partially persuasive as discussed above.
7    Fourth, the assessments are only partially consistent with the longitudinal
     evidence of record. The longitudinal evidence of record does not demand a
8    finding the claimant has the exertional limitations as provided in the
     assessments. Nor does the longitudinal evidence demand that the claimant
9    has the respiratory restrictions provided in the assessments. As
     summarized above, the longitudinal record shows the claimant's asthma is
10   generally stable and he has reported he does not use albuterol often (see
     Ex. 1F, p. 6; Ex. 7F, p. 11). The record shows an asthma exacerbation in
11   the context of hot weather and attempts to cool down, which supports the
     environmental limitations herein (see Ex. 9F, p. 28). For these reasons,
12   these assessments are only partially persuasive.

13   CAR 29.

14          Plaintiff argues that the ALJ erred by applying his own lay medical opinion in the

15   absence of supporting medical opinions from an appropriate source and thereby applied an

16   incorrect legal standard at Step 4 in determining Plaintiff's residual functional capacity.  See ECF

17   No. 11, pgs. 3-12.  According to Plaintiff:

18          The ALJ erroneously relied on his own lay judgment to make the
     RFC determination in that, although he facially accepted the opinions of
19   the consultative examiner and state agency medical consultants as
     "partially persuasive" (Tr. 28-29), in fact, in substance he rejected every
20   single medical opinion of record as to Mr. Beverly's physical limitations
     arising from his complicated impairments (Tr. 28-29). The ALJ
21   determined that Mr. Beverly had the RFC to perform a "medium work. . .
     except the claimant (1) can never climb ladders, ropes, or scaffolds; (2)
22   must avoid all exposure to unprotected heights; and (3) must avoid
     frequent exposure to non-weather related hot and cold temperatures" (Tr.
23   24). In fact, the ALJ rejected three medical opinions of record despite the
     consistency of each limiting Mr. Beverly to no more than light work when
24   making the RFC determination. Therefore, because the ALJ substituted his
     own lay judgement for that of every medical opinion of record, remand for
25   further consideration of Mr. Beverly's physical impairments and their
     impact on the exertional level of work he could perform is required.
26          No medical source of record found that Mr. Beverly had the RFC
     for more than light work. The ALJ purportedly found the opinion of the
27   consultative examining board certified internist1 Satish K. Sharma, M.D.,
     to be "partially persuasive" (Tr. 28); however, the ALJ rejected critical
28   limitations from Dr. Sharma's assessment. That is, Dr. Sharma found that

8

Mr. Beverly was limited to light work with occasional bending and stooping (Tr. 472). The ALJ rejected these limitations and found that Mr. Beverly could perform medium work and had no bending or stooping limitations.

The ALJ also purportedly found that the two state agency reviewing medical consultants' opinions were "partially persuasive," but once again rejected critical limitations they had assessed (Tr. 29). A. Wong, M.D., the initial state agency medical consultant, found that Mr. Beverly was limited to light work with the ability to occasionally climb ramps/stairs, climb ladders/ropes/scaffolds, balance, stoop, kneel, crouch, and crawl (Tr. 72). On reconsideration, T. Bawa, M.D., affirmed these findings but added that Mr. Beverly would be further limited to never climbing ladders/ropes/scaffolds and that he must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc. (Tr. 88-90). By contrast, the ALJ's RFC allows medium work and includes no postural limitations except a prohibition against climbing ladders, ropes, or scaffolds and none of the aforementioned environmental exposure restrictions (Tr. 24).

* * *

The ALJ asserted that the limitations given by Dr. Sharma and the state agency medical consultants were not consistent with "the longitudinal evidence of record" (Tr. 28-29). However, the ALJ did not provide any analysis in support of this naked lay conclusion, except with limited references to back pain, as previously discussed.

In discussing the state agency medical consultants' opinions, the ALJ stated that "The longitudinal evidence of record does not demand a finding the claimant has the exertional limitations as provided in the assessments. Nor does the longitudinal evidence demand that the claimant has the respiratory restrictions provided in the assessments" (Tr. 29). This presents numerous critical issues.

First, the ALJ's own finding that Mr. Beverly had a severe impairment of asthma would support a restriction with respect to concentrated exposure to environmental irritants. Under the Commissioner's own regulations, a severe impairment is one that significantly limits a claimant's physical or mental abilities to do the basic work activities required for unskilled work. 20 C.F.R. § 404.1522(a); see also SSR 85-28, 1985 WL 56856, *3. Basic work activities include "Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling"; "Capacities for seeing, hearing, and speaking"; "Understanding, carrying out, and remembering simple instructions", etc. 20 C.F.R. § 404.1522(b)(1-3); Program Operations Manual System (POMS) DI 25020.010(A)(3)(a).2 The ALJ's finding that Mr. Beverly's asthma was itself, severe, supports the inclusion of the restrictions included in the state agency medical consultants' findings.

Moreover, the standard for whether exertional or other limitations are supported is not whether they are "demanded" as the ALJ has put forth (Tr. 29). Such as assertion artificially sets the bar much higher than the reasoned medical opinion standard used by Agency adjudicators.

Ultimately, the ALJ ignored the medical expertise of these three Agency experts, who in consideration of Mr. Beverly's cardiac and respiratory history all independently arrived at the unanimous consensus that this claimant was limited to a reduced range of light work with additional limitations. Yet the ALJ determined that Mr. Beverly could

perform work at the medium exertional level. This RFC determination was based on nothing more than his lay judgment after rejecting the consistent medical source opinions of record who opined that Mr. Beverly would be limited to light work. The ALJ erred by substituting his lay judgment for the consistent medical source opinions of record and remand for further consideration is required.

ECF No. 11, pgs. 4-9.

Plaintiff's argument is not persuasive.  In essence, Plaintiff contends that the ALJ must take medical opinions which are consistent with each other at face value even if they are inconsistent with the objective evidence of record.  According to Plaintiff, assessing consistency with the objective evidence amounts to substitution of a lay opinion for a medical opinion.  The Court does not agree.  As the parties both acknowledge, this case is governed by revised regulations applicable to cases filed after March 27, 2017.  The revised regulations require the ALJ to evaluate opinion evidence by considering their persuasiveness in the context of supportability, consistency, treatment relationship, and specialization.  See Buethe, 2021 WL 1966202, at *3 (citing § 404.1520c(b), (c)(1)-(5)).  "For consistency, the regulations state: '[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive [the opinion] will be.'"  Id. at *4 (quoting § 404.1520c(c)(2)); see also Woods v. Kijakazi, 32 F.4th 785, 792 (9th Cir. 2022).  By the plain language of the revised regulations, the ALJ must consider opinion evidence in the context of all of the medical evidence of record, including the objective findings.  Doing so does not amount to substitution of lay opinions for medical opinions but complies with the regulations.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    **IV.  CONCLUSION**

2    Based on the foregoing, the undersigned recommends that:

3    1.    Plaintiff's motion for summary judgment, ECF No. 11, be denied;

4    2.    Defendant's cross-motion for summary judgment, ECF No. 12, be granted;

5    and

6    3.    The Commissioner's final decision be affirmed.

7    These findings and recommendations are submitted to the United States District

8    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

9    after being served with these findings and recommendations, any party may file written

10   objections with the court.  Responses to objections shall be filed within 14 days after service of

11   objections.  Failure to file objections within the specified time may waive the right to appeal.  See

12   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13

14   Dated:  March 21, 2025

15                                                        _____
                                                          DENNIS M. COTA
16                                                        UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28