UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBER BEVERLY,<br><br>    Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:24-cv-00914-DAD-DMC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE DECISION OF THE DEFENDANT COMMISSIONER<br><br>(Doc. Nos. 11, 13, 15) |

Plaintiff Kimber Beverly, proceeding with counsel, brought this action seeking judicial review of the Commissioner of Social Security's final decision denying plaintiff's application for benefits under the Social Security Act. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On March 21, 2025, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for summary judgment (Doc. No. 11) be denied, the defendant Commissioner's cross-motion for summary judgment (Doc. No. 13) be granted, and the defendant Commissioner's decision denying plaintiff's application for benefits be affirmed. (Doc. No. 15 at 11.) Specifically, the magistrate judge concluded that plaintiff's argument that the administrative law judge ("ALJ") improperly substituted the ALJ's own lay opinion for qualified medical opinions in

1  evaluating plaintiff's residual functional capacity ("RFC") was without merit because it was
2  proper for the ALJ to evaluate opinion evidence in the context of all of the medical evidence of
3  record, including the objective findings.  (*Id.* at 10.)[1]

4      The pending findings and recommendations were served on the parties and contained
5  notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at
6  11.)  Neither party filed objections to the findings and recommendations, and the time in which to
7  do so has now passed.

8      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
9  *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the
10 findings and recommendations are supported by the record and by proper analysis.

11     The parties agree that all three medical providers, including two state agency medical
12 consultants, concluded that plaintiff was capable of no more than light work.  (Doc No. 13 at 13.)
13 The ALJ rejected this conclusion, reasoning that the consultative examiner did not include a
14 rationale or explanation for such a limitation, and the state agency medical consultants'
15 conclusions were heavily based on the consultative examination opinion.  (Doc. No. 15 at 8.)
16 That the ALJ rejected unanimous opinion evidence is not definitive because the "ALJ must assess
17 the persuasiveness of the medical opinions[.]"  *Bayness v. O'Malley*, No. 23-35246, 2024 WL
18 2931419, at *1 (9th Cir. June 11, 2024)[2] ("Bayness argues that the ALJ erred by discounting the
19 opinions of Doctors Wingate, Senske, and Sylwester.  The ALJ must assess the persuasiveness of
20 the medical opinions and explain how she considered the supportability and consistency factors.
21 /////

---

[1]  Plaintiff also argues that the ALJ applied an improper standard in evaluating the evidence. (Doc. No. 11 at 9–12.)  Specifically, the ALJ concluded that the evidence of record did not "demand" a finding that the claimant had the exertional limitations as provided in the assessments.  (Doc. No. 14 at 7.)  The court finds that the choice of the word "demand" is not itself the application of a legal standard.  At most, it indicates that plaintiff has the burden of proof, which plaintiff concedes is appropriate.  (Doc. No. 11 at 11.)  Therefore, the court concludes that the ALJ's use of the term "demand" does not demonstrate that the ALJ applied an incorrect legal standard.

[2]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1  As to all three physicians, the ALJ sufficiently explained her analysis and her conclusions are
2  supported by substantial evidence in the record.").

3  Having rejected the view as stated in the three medical opinions that plaintiff was capable
4  of no more than light work, the ALJ instead determined that plaintiff was capable of medium
5  work with certain limited exceptions.  (Doc. No. 15 at 7–8.)  Plaintiff argues that the ALJ's
6  analysis improperly interpreted raw medical data.  (Doc. No. 11 at 3.)

7  As an initial matter, the court agrees with plaintiff that the ALJ may not "substitute his
8  own interpretations of medical records and data for medical opinions."  *Mack v. Saul*, No. 1:18-
9  cv-01287-DAD-BAM, 2020 WL 2731032, at *2 (E.D. Cal. May 26, 2020) ("[W]hile 'it is the
10 responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity,'
11 it does not follow that the ALJ can substitute his own interpretations of medical records and data
12 for medical opinions.") (citation omitted).  Where the ALJ properly rejects the available medical
13 opinions and the other relevant evidence constitutes raw medical data "not susceptible to lay
14 interpretation," the ALJ has a "duty to develop further medical evidence."  *Osborne v.
15 Commisioner of Soc. Sec.*, No. 1:22-cv-01538-EPG, 2024 WL 1312202, at *4 (E.D. Cal. Mar. 27,
16 2024).

17 Here, the ALJ relied on his own interpretation of the following evidence:  Outside of the
18 consultative examination, the record did not reflect any complaints from plaintiff regarding back
19 pain; musculoskeletal examinations documented plaintiff as having normal range of motion;
20 plaintiff's asthma was generally stable; and plaintiff did not use albuterol often in order to
21 manage his asthma.  (Doc. No. 15 at 7–8.)  The court finds that this straight-forward and easy to
22 understand evidence does not "reflect only the findings, impressions, and medical diagnoses,
23 which are difficult for a lay person to interpret."  *Howell v. Kijakazi*, No. 20-cv-02517-BLM,
24 2022 WL 2759090, at *7 (S.D. Cal. July 14, 2022).  Therefore, the court finds that the ALJ did
25 not impermissibly rely on raw medical data.  *See id.* ("Courts have considered MRIs, radiological
26 studies, and X-rays to be raw medical data.") (citations omitted); *Pthlong v. Comm'r of Soc. Sec.*,
27 No. 1:22-cv-01558-DC-GSA, 2025 WL 347209, at *3 (E.D. Cal. Jan. 30, 2025) ("Importantly
28 though, the phrase 'raw medical data' is not synonymous with 'all medical records.'  The phrase

3

has often been used to describe instances where an ALJ independently interprets laboratory findings or medical imaging and then translates it into functional terms."); *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022) ("ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work."); *Saetern v. Comm'r of Soc. Sec.*, No. 1:24-cv-01174-EPG, 2025 WL 1180160, at *5 (E.D. Cal. Apr. 23, 2025) (finding that the ALJ did not go beyond their expertise in interpreting medical evidence where the ALJ concluded that the plaintiff had residual function capacity to perform medium work with some restrictions based on evidence of "labs within normal limits on several occasions[,]" and where the plaintiff "declined an endocrinology referral in 2022, did not start taking thyroid medication until January 2023, and did not see an endocrinologist until August 2023"); *Verdugo v. Comm'r of Soc. Sec.*, No. 1:24-cv-00571-JLT-GSA, 2025 WL 1382909, at *5 (E.D. Cal. May 13, 2025) ("Plaintiff identifies no persuasive or controlling authority for the proposition that an ALJ is unqualified to interpret physical examination findings regarding normal range of motion, strength, and gait, and to translate those findings into the RFC.  Uncomplicated findings as these are not on par with caselaw that concerns the interpretation of 'raw medical data,' imaging findings, or the consulting of medical textbooks."); *Calvert v. Comm'r of Soc. Sec.*, No. 1:24-cv-00119-EPG, 2024 WL 3793965, at *3 (E.D. Cal. Aug. 13, 2024) ("Here, the ALJ's decision to impose greater limitations based on Plaintiff's more recent complaints of pain and other comments about that pain was within the ALJ's capability."); *Garcia v. Comm'r of Soc. Sec.*, No. 1:23-cv-00903-EPG, 2023 WL 8435338, at *3 (E.D. Cal. Dec. 5, 2023) ("[T]here is nothing to show that the ALJ made explicit medical judgments based on the raw data from the record.  . . .  Rather, the ALJ's opinion was largely based on the fact that medical professionals reported normal findings from Plaintiff's mental status examinations."); *Johnson on behalf of S.M.S. v. Comm'r of Soc. Sec.*, No. 1:21-cv-01704-DJC-GSA, 2024 WL 3362953, at *12 (E.D. Cal. July 9, 2024) ("Here, for example, the ALJ did not need the assistance of medical experts or consultative guidance from a pediatrician in order for the ALJ to effectively review routine pediatrician visits and make basic non-technical observations such as the lack of complaints of recurrent seizures."), *report and recommendation*

*adopted sub nom. Johnson on behalf of S.M.S. v. O'Malley*, No. 1:21-cv-01704-DJC-GSA, 2025 WL 373151 (E.D. Cal. Feb. 3, 2025).

For the reasons explained above:

1. The court ADOPTS the findings and recommendations issued on March 21, 2025 (Doc. No. 15);

2. Plaintiff's motion for summary judgment (Doc. No. 11) is DENIED;

3. Defendant's cross-motion for summary judgment (Doc. No. 13) is GRANTED;

4. The defendant Commissioner's decision denying plaintiff's application for benefits is AFFIRMED; and

5. The Clerk of the Court is directed to enter judgment in favor of the defendant Commissioner and CLOSE this case.

IT IS SO ORDERED.

Dated:   **June 24, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE